**In re FIRST UNION MORTGAGE CORP. YIELD SPREAD PREMIUM LITIGATION**

**Daniel Heimmermann, et al. v. First Union Mortgage Corp., N.D. Alabama, C.A. No. 3:98–2357**

**Leonard S. Davis, et al. v. First Union Mortgage Corp., et al., S.D. Florida, C.A. No. 4:99–1494**

**Robert Trombley, et al. v. First Union Mortgage Corp., M.D. Georgia, C.A. No. 4:98–19**

**No. 1476.**

Judicial Panel on Multidistrict Litigation.

Aug. 9, 2002.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

---

* Judge Sear took no part in the decision of this matter.

## ORDER DENYING TRANSFER

This litigation consists of three actions pending, respectively, in the Northern District of Alabama, the Southern District of Florida and the Middle District of Georgia. Plaintiffs in the Florida action move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Alabama. Plaintiffs in the Alabama action do not object to centralization as long as it occurs in the Northern District of Alabama. Plaintiffs in the Georgia action request that the motion for centralization be denied, but if centralization is ordered, then they would agree with movants that the Northern District of Alabama should be the transferee district. The sole named defendants, First Union Mortgage Corp. (named in all three actions) and Alpha One Mortgage (named in the Florida action), oppose transfer. If the Panel nevertheless orders centralization, then i) First Union Mortgage Corp. would favor selection of the Southern District of Florida as transferee district, and ii) Alpha One Mortgage requests that, if the Florida action is transferred to another district, the claims against Alpha One Mortgage be severed and simultaneously remanded to the Southern District of Florida.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which two of the three constituent actions have been pending for nearly four years. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Chromated Copper Arsenate (CCA) Treated Wood Products Liability Litigation,* 188 F.Supp.2d 1380 (Jud.Pan.Mult.Lit.2002); *see also Manual for Complex Litigation, Third,* § 31.14 (1995). We also note that resolution of a pending interlocutory appeal in the Alabama action promises to further obviate any need for transfer in this three action docket.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.